IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21179
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDI MAURICIO CONTRERAS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-314-1
- - - - - - - - - -
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fredi Mauricio Contreras was convicted of illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. He appeals the district court's interpretation of U.S.S.G. § 2L1.2(b)(1)(C) at his resentencing. He argues that his prior felony conviction for possession of heroin did not merit the eight-level adjustment provided in § 2L1.2(b)(1)(C) for an aggravated felony, and that he should have received only the four-level adjustment provided in § 2L1.2(b)(1)(D) for "any other

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony." Contreras's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" were recently rejected by this court in <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002). The district court did not err in assessing an eight-level adjustment, pursuant to § 2L1.2(b)(1)(C), to Contreras's sentencing guideline calculation. <u>Id.</u>

For the first time on appeal, Contreras argues that 8 U.S.C. § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not an element of the offense. He contends that the unconstitutionality of the statute is not remedied by treating the prior aggravated felony as an element of the offense and including it in the indictment. Contreras concedes that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this argument lacks merit.

AFFIRMED.